## Case No. 185.

ALEXANDRIA v. MOORE.

[1 Cranch, C. C. 440.][1]

Circuit Court, District of Columbia. July Term, 1807.

PLEADING.

Debt on an auctioneer's bond; plea, general performance. Replication, that the auctioneer did not pay over money to A and B. A rejoinder that it had not been established, by a judgment, that money was due to them by the auctioneer, is an issuable plea, to set aside an office judgment.

At law. Debt on an auctioneer's bond; plea, general performance; special replication, that Moore, the auctioneer, had not paid money to Archer and to Vowell, which he had received as auctioneer.

At the first term after office-judgment, and to set it aside, Mr. C. Simms, for defendant, Patten, (one of the sureties,) offered a rejoinder that Archer and Vowell respectively had not proved, by a suit and judgment, that the money was due from Moore to them.

Mr. E. J. Lee, for plaintiff, objected that it is not pleading to issue within the meaning of the act of Virginia, 12th December, 1792, § 28, p. 78, and that it will drive him to a special demurrer.

But THE COURT (nem. con.) admitted the replication, because it was an issuable plea, and if bad it is bad on general demurrer.

[1][Reported by Hon. William Cranch, Chief Judge.]

---

## Case No. 186.

ALEXANDRIA v. PATTEN.

[1 Cranch, C. C. 294.][1]

Circuit Court, District of Columbia. March Term, 1806.

PLEADING—TENDER—PROCEDURE.

The plaintiff, upon a plea of tender, cannot take out the money and proceed for more.

[Cited in Ye Seng Co. v. Corbitt, 9 Fed. Rep. 431.]

At law. Plea of tender, &c. Before trial of the issue,

Mr. Swann, for plaintiff, moved the court for leave to take out the money and go on for the balance of his claim. Esp. N. P. 161.

THE COURT thought the plaintiff could not take the money out and then proceed for more.

[NOTE. This case seems to have proceeded to judgment, which was for defendants. Plaintiffs excepted to the instructions of the trial judge, and obtained a reversal by the supreme court on writ of error,—see Mayor, etc., of Alexandria v. Patten, 4 Cranch, (8 U. S.) 317; but the above ruling was not involved in the case before the supreme court.]