HIGBEE v. NINETY-SIX HUNDRED CASES TOMATOES.

(District Court, D. Rhode Island.    February 3, 1894.)

ADMIRALTY—PRACTICE—PAYMENT INTO COURT—RIGHTS OF LIBELANT.
    On libel for freight, where the claimant pleads a tender, and pays the amount tendered into the registry of the court, the libelant is entitled to an order for the payment of that amount to him before there is any trial of the issue.    Mayor, etc., v. Patten, 1 Cranch, C. C. 294, disapproved.

In Admiralty.  On motion for the payment of money paid into court.  Libel by Harry E. Higbee against 9,600 cases of tomatoes for freight.  Motion granted.

W. G. Roelker, for libelant.

S. O. Edwards, for claimant.

CARPENTER, District Judge.    This is a libel for freight money, and the claimant, in his answer, alleges a tender, and, in support of

this allegation, has paid into the registry of the court the sum of $470.70, being the amount of the alleged tender. The libelant now moves for an order for the payment to him of this sum. The claimant resists the motion, and cites Mayor, etc., v. Patten, 1 Cranch, C. C. 294. The whole report of that case is as follows:

"Plea of tender, etc. Before trial of the issue, Mr. Swann, for the plaintiff, moved the court for leave to take out the money, and go on for the balance of his claim. 'Esp. N. P. 161. The court thought the plaintiff could not take the money out, and then proceed for more."

The case is certainly in point, but it does not appear to have been decided on argument, and is therefore not strictly an authority; and I can perceive no reason on which it is based. The tender implies a consent on the part of the claimant that the money in court is the property of the libelant, and it therefore must be paid to him in any event, and there seems no reason why the payment should not now be made. If it be found that there was, in fact, a tender, and that the tender was for the full amount due, the claimant will recover costs, which, as in all other cases of suits on claims ascertained to be unfounded, is taken to be full compensation. The principles laid down in 'Espinasse and the cases there cited seem to point to this conclusion, with which they are in no respect in conflict. There will be an order that the fund be paid to the libelant, after deducting the fee chargeable by the clerk.